UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, <br><br> Defendant. | Civil Action No. 25-03630 (SLS) |

## JOINT STATUS REPORT

Pursuant to the Court's February 3, 2026, Minute Order, Plaintiff Judicial Watch, Inc. and Defendant Central Intelligence Agency ("CIA") (collectively, the "Parties") by and through undersigned counsel, respectfully submit the Parties' second joint status report.

This case concerns Plaintiff's Freedom of Information Act ("FOIA") request for records submitted on July 18, 2025.

**Defendant CIA's Statement**:

Defendant CIA reports that it has completed its initial searching and is performing responsiveness checks to determine whether there are actually records responsive to Plaintiff's FOIA request. Plaintiff's FOIA request is in CIA's first-in, first-out processing queue. CIA anticipates being able to provide an update regarding the anticipated number of records responsive to the Plaintiff's FOIA request, and the anticipated date for the release of the documents requested by the Plaintiff (if any), by May 18, 2026. CIA reports that it is not yet able to provide this information at this time because there is a significant backlog of pending FOIA cases that are also undergoing processing with competing pending deadlines. While CIA's staffing numbers are

classified, CIA can report that its FOIA review team is small both in actual terms and relative to the number of cases in queue, and it currently does not have the resources to perform a high volume of FOIA reviews at once. Despite these staffing and resource limitations, CIA is working diligently to process this request. Given this, Defendant CIA disagrees with Plaintiff's characterization below that it is has not complied with the Court's January 22, 2026, Minute Order.

Defendant also opposes Plaintiff's attempt to litigate the appropriate timing of CIA's completion of its review of documents and production of documents by its statements in a joint status report. Federal Rule of Civil Procedure 7(b)(1) requires that "[a] request for a court order must be made by motion." A separately filed motion would allow the Court to see exactly what relief Plaintiff requests, the factual bases (if any) in support, and the legal argument(s) trying to justify this relief. A separately filed motion would also provide notice to Defendant so that it can appropriately prepare its response, gather factual materials if needed, and address the merits.

Defendant respectfully proposes that the Court permit the Parties to submit another joint status report on April 20, 2026, updating the Court on the status of the processing of Plaintiff's FOIA request.

**Plaintiff's Statement**:

On January 22, 2026, the Court issued the following order:

The 9 Joint Status Report failed to comply with this Court's 8 Order. The Defendant failed to report: (1) the anticipated number of records responsive to the Plaintiff's FOIA request, and (2) the anticipated date (month and year) for the release of the documents requested by the Plaintiff. In light of the 9 Joint Status Report, the Parties are ORDERED to file a further joint status report by February 4, 2026. This joint status report shall detail: (1) the anticipated number of records responsive to the Plaintiffs FOIA request, and (2) the anticipated date (month and year) for the release of the documents requested by the Plaintiff. If the Defendant is unable to provide these details, the Defendant is ORDERED to explain why it is unable to do so and detail when the Defendant will be able to provide such information to this Court.

Defendant still has not complied with the Court's order.

The agency now asserts that it has completed its "searching" but declines to provide <u>any</u> information such as the number of documents or pages located. The agency also fails to provide the "anticipated date" for the release of documents, citing other unspecified obligations. Instead, it seeks another 90 days simply to report the number of records purportedly located, the same information the Court ordered it to provide on December 22, 2025. *See* ECF No. 8. In regard to Defendant's suggestion that motion practice is necessary for the Court to set deadlines in this case, Plaintiff disagrees.

Plaintiff respectfully requests that the Defendant be ordered to complete its review and production by a date certain.

| | |
|---|---|
| Dated: February 18, 2026<br>Washington, D.C.<br><br>JUDICIAL WATCH, INC.<br><br>By: /s/   *James F. Peterson*<br>James F. Peterson<br>425 Third Street, SW, Ste. 800<br>Washington, DC 20024<br>Tel:  202-646-5175<br>jpeterson@judicialwatch.org<br><br>*Counsel for Plaintiffs* | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:   */s/ Mason D. Bracken*<br>       MASON D. BRACKEN<br>       Assistant United States Attorney<br>       601 D Street, N.W.<br>       Washington, D.C. 20530<br>       Telephone: (202) 252-2523<br>       mason.bracken@usdoj.gov<br><br>*Attorneys for the United States of America* |